Filed 7/18/23  P. v. Fontenot CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE LUIS FONTENOT,<br><br>    Defendant and Appellant. | D081367<br><br><br>(Super. Ct. No. FBA1100269) |

APPEAL from an order of the Superior Court of San Bernardino County, Lisa M. Rogan, Judge.  Affirmed.

Jose Luis Fontenot, in pro. per.; and Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2017, a jury convicted Jose Luis Fontenot of one count of first degree murder committed in 2011 and a second degree murder committed in 2009. (Pen. Code,[1] § 187, subd. (a).)  The jury also found true a multiple murder enhancement (§ 190, subd. (a)(3)), and related firearms enhancement

---

[1]    All further statutory references are to the Penal Code.

(§ 12022.53, subds. (b), (c), and (d).) Fontenot was sentenced to life without parole for count 1 plus 15 years to life for second degree murder and two consecutive 25 year to life terms for the two firearm enhancements.

In 2022, Fontenot filed a petition for resentencing under section 1172.6. The court appointed counsel, reviewed the record of conviction, and held a hearing. The trial court found the record demonstrated Fontenot was the actual killer in both cases. Thus, the court found Fontenot was not eligible for relief under the statute as a matter of law. The petition for resentencing was denied without issuing an order to show cause.

Fontenot filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal. Counsel asks the court to exercise its discretion and conduct an independent review of the record for error consistent with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We notified Fontenot of his right to file his own brief on appeal. He has responded with a rambling discussion of his various complaints about the system and that he has not been treated fairly in his contacts with the criminal justice system. He does not raise any potentially meritorious issues for reversal on appeal.[2]

## DISCUSSION

As we have noted, appellate counsel has filed a brief pursuant to *Delgadillo* and asks the court to conduct a *Wende* review of the record for error. To assist the court in its review, and in compliance with *Anders v.*

---

[2]    The facts of the two murder convictions are discussed in our unpublished opinion. (*People v. Fontenot* (Jan. 14, 2019, D074575).)

2

*California* (1967) 386 U.S. 738 (*Anders*), counsel has identified two possible issues that were considered in evaluating the potential meris of this appeal:

1.  Did the trial court err in denying the petition for resentencing since the prosecutor did not file a written response to the petition?

2.  Did the court err in denying the petition without citing to specific sections of the record supporting that decision?

We have independently reviewed the record consistent with the requirements of *Wende* and *Anders*. We have not discovered any potentially meritorious issues for reversal on appeal. Competent counsel has represented Fontenot on this appeal.

DISPOSITION

The order denying Fontenot's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

RUBIN, J.